1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE C. RUCKER,

　　　　　Petitioner,

　vs.

S. HATTON,

　　　　　Respondent.

Case No. C 16-2334 JSW (PR)

**ORDER OF DISMISSAL**

### INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. He has paid the filing fee. For the reasons discussed below, the petition is DISMISSED.

### BACKGROUND

In 1976, Petitioner was convicted in San Bernardino County Superior Court of first-degree murder. He was sentenced to a term of life in state prison in state prison. He has been denied parole on numerous occasions. In 2014, the California Board of Parole Hearings ("Board") issued a form indicating that Petitioner's "Base Term" and "Adjusted Base Term Calculation" is 15 years. (Pet. Exh. A.) On February 17, 2016, the California Supreme Court thereafter denied a habeas petition. (Pet. Exh. G.) Thereafter, Petitioner filed the instant federal petition.

**DISCUSSION**

I       Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II.      Discussion

Petitioner claims that the Board is violating his Eighth Amendment right to be free from cruel and unusual punishment because he is still in custody beyond the expiration of his "base term" of 15 years.  The premise of Petitioner's claim is that the Board's indicating that his "base term" is 15 years means that 15 years is also his maximum term under state law.  That is not the case.  Petitioner indicates that he was sentenced to a term of life in state prison. (Pet. at 1.)  Under California Penal  Code § 187, the maximum term for a murder conviction is life in prison.  As a result, he is not, as he contends, being imprisoned beyond his maximum sentence so as to violate the Eighth Amendment.  Nor does a life sentence for murder violate the Eighth Amendment.  The Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are "grossly disproportionate to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003).  A life sentence for the crime of murder is not disproportionate to the crime committed. *Cf. Ewing v. California*, 538 U.S. 11 (2003) *(*sentence of 25 years to life for grand theft did not violate Eighth Amendment's prohibition against cruel and unusual punishment); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (life sentence for cocaine possession does not violate Eighth Amendment because not "grossly disproportionate" to crime); *Hutto v. Davis*, 454 U.S. 370 (1982) (rejecting an Eighth Amendment challenge to a prison term of 40 years and a fine of $20,000 for possession and distribution of approximately nine ounces of marijuana).  The petition does not state a

United States District Court
Northern District of California

1   valid claim that his confinement violates the Eighth Amendment.

2                                              **CONCLUSION**

3            In light of the foregoing, the petition for a writ of habeas corpus is DISMISSED.

4            Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court

5   to rule on whether a petitioner is entitled to a certificate of appealability in the same order

6   in which the petition is dismissed.  Petitioner has failed to make a substantial showing that

7   a reasonable jurist would find the denial of his claim debatable or wrong.  *Slack v.*

8   *McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is

9   warranted in this case.

10           The clerk shall enter judgment and close the file.

11           **IT IS SO ORDERED.**

12   Dated: June 1, 2016

13

14   _____

15   JEFFREY S. WHITE
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    3